972 F.2d 338
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Barry Lane CAREY, Plaintiff-Appellant,
v.
CITY of Richmond, Police Department; Unknown Reliable
Informant; Andrew Winston, Sheriff; Richmond City Jail;
Clerk of Circuit Court, Richmond; County of Powhatan; City
of Richmond; Virginia Department of Corrections; Warden
McMahan; Warden Muncy; Dr. Aldridge; Edward W. Murray,
Director; Warden Taylor; Counselor Cubbage; Captain
Spitler, Security; ICC, Staunton; Dr. Schillinger,
Dentist, Defendants-Appellees.
 No. 91-7337.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: June 3, 1992
Decided: July 30, 1992
 
 Appeal from the United States District Court for the Western District of Virginia, at Roanoke. James C. Turk, Chief District Judge. (CA-90-756-R)
 Barry Lane Carey, Appellant Pro Se.
 William Joe Hoppe, Senior Assistant City Attorney, Richmond, Virginia; John Adrian Gibney, Jr., Shuford, Rubin & Gibney, Richmond, Virginia; James Walter Hopper, Parvin, Wilson, Barnett & Hopper, Richmond, Virginia; Mark Ralph Davis, Office of The Attorney General of Virginia, Richmond, Virginia; Sandra Morris Holleran, McGuire, Woods, Battle & Boothe, Richmond, Virginia, for Appellees.
 W.D.Va.
 Affirmed.
 Before PHILLIPS, WILKINS, and HAMILTON, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Barry Lane Carey appeals from the district court's order denying relief under 42 U.S.C. § 1983 (1988). Our review of the record and the district court's opinion discloses that this appeal is without merit. Accordingly, we affirm on the reasoning of the district court.* Carey v. City of Richmond, No. CA-90-756-R (W.D. Va. Oct. 11, 1991). We deny Carey's motion for appointment of counsel. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 *
 To the extent that Carey raised a claim that Virginia's DNA data bank regulations create an ex post facto problem when used to delay an inmate's release beyond his mandatory parole release date, we note that this Court's recent decision in Jones v. Murray, # 6D6D 6D# F.2d, No. 91-6057 (4th Cir. Apr. 7, 1992), finding that the regulations do violate the Ex Post Facto Clause in this regard, is dispositive. However, because the decision in Jones is binding upon state officials, we need not modify the decision in the present case